IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKEY DALE NEWMAN                                          PETITIONER

v.                         CASE NO. 05-2107

LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

## ORDER

Currently before the Court is Petitioner's Motion for Leave to Conduct Discovery, specifically to conduct mitochondrial DNA testing on hairs introduced at trial as well as hair that was not introduced (Doc. 15-1), as well as Petitioner's Supplemental Motion for Discovery requesting Van Buren Police Department to transfer hair evidence in its custody to the Arkansas State Crime Laboratory (Doc. 17). Petitioner's counsel asserts that the request will assist in the development of facts to support Petitioner's actual innocence claim. *Id.* Respondent opposes the motion on the grounds that good cause to conduct discovery has not been shown. (Doc. 19.)

Petitioner specifically requests discovery in the form of mitochondrial DNA testing of hairs introduced at trial as well as hair that was not introduced; to include hairs recovered from: 1. A pair of navy sweat pants (evidence number NSE7, trial Exhibit 3), 2. Gray gloves (evidence number NSE8C, trial Exhibit 4), 3. Right black boot of Rickey Newman (evidence number SWE4A, trial Exhibit 30), 4. The vacuum sample (evidence number MCE1B, trial Exhibit 17), and 5. The pubic hair recovered from Petitioner's tent (evidence number NSE20,

not introduced at trial).

Respondent contends that Petitioner has failed to show good cause to conduct discovery as his actual innocence claim is not permitted as it is free-standing and because his claims of ineffective assistance of counsel and the state's presentation of allegedly false and misleading hair analysis testimony are both procedurally barred. (Doc. 19.) However, a Petitioner may, in some circumstances, be allowed to present procedurally defaulted claims, such as when he is able to show cause and actual prejudice, or upon a showing of actual innocence. *Heffernan v. Norris*, 48 F.3d 331, 333 (8th Cir. 1995). Actual innocence, as Petitioner is seeking evidence to show, is an avenue for a district court to reach procedurally defaulted claims it would ordinarily be unable to reach on the merits. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) (finding that "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). Moreover, we have yet to reach the issue of procedural default of any of Petitioner's claims or whether the actual innocence claim presented by Petitioner is permitted. The evidence that may be discovered by Petitioner upon receiving the results of the requested testing may assist the Court in making these determinations.

There are times in which prehearing discovery is essential. The Advisory Committee Notes to Rule 6 approve the use of discovery in

2

appropriate cases before an evidentiary hearing has been granted. The record in this case should be expanded due to the lack of such information at the state court level. Discovery at this point will allow facts to be presented to the Court to assist in the question of whether an evidentiary hearing is warranted and on what claims the Court will review on their merits. Furthermore, discovery should be liberally granted in capital cases. *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in the judgment in part); *accord id.* at 855 (majority opinion). Petitioner has made a sufficient showing of good cause for discovery; specifically showing that if the facts are fully developed, he may be able to demonstrate that he is actually innocent of the crime, thus, ultimately entitled to relief. *See Bracy v. Gramley*, 520 U.S. 899 (1997). Upon due consideration, Petitioner's motions are GRANTED.

It is ordered that the Van Buren Police Department will arrange for the transfer all evidence sought to be tested currently in the custody of the Van Buren Police Department be returned by the police department to the Arkansas State Crime Laboratory (Crime Lab). The Crime Lab will be responsible for forwarding all evidence requested to Mitotyping Technologies.[1] Counsel for Petitioner and Respondent will be permitted to be present at the Crime Lab and will be permitted

---

[1] Kermit Brooks Channel, II, a forensic scientist employed as the Scientific Director of the Arkansas State Crime Laboratory in Little Rock, Arkansas, states that mitochondrial DNA testing is not available at the Arkansas State Crime Laboratory and that the Laboratory uses either the FBI or a private lab to conduct mitochondrial DNA testing. (Doc. 15-2.)

3

to photograph and otherwise document the hairs that will be shipped to Mitotyping Technologies. A commercial carrier will be used for the shipping of the hairs to Mitotyping Technologies and from Mitotyping Technologies back to the Crime Lab when the testing has been completed. In addition to the hairs, the Crime Lab will send a copy of all information in its possession regarding any previous hair analysis performed as well as Petitioner's and Marie Cholette's blood samples for DNA comparison purposes. Petitioner will be responsible for the costs of the mitochondrial DNA testing and related incidental expenses, such as shipping.

IT IS SO ORDERED this 7th day of March 2006.

/S/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)