IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKEY DALE NEWMAN                                                                 PETITIONER

v.                                         CASE NO. 05-2107

LARRY NORRIS, Director,
Arkansas Department of Correction                          RESPONDENT

## **ORDER**

Currently before the Court is Petitioner's Motion for Leave to Conduct Discovery on Claim VIII (Incompetence to Stand Trial) (Doc. 29). Petitioner's counsel asserts that the request will assist in the development of facts to support Petitioner's mental health-related claims for relief. *Id.* Respondent advises the Court that they have no objection to Petitioner's discovery request. Petitioner specifically requests :

    A. Subpoenas duces tecum to the following entities and individuals:

        1. Arkansas Department of Correction, requiring production of any and all records maintained regarding Mr. Newman including, by way of illustration only and not limitation, mental health, medical, classification, disciplinary, grievance, housing, transportation, visitation and telephone records, in whatever form maintained, including but not limited to forms, reports, charts, notes, test protocols and raw data, recorded impressions, graphs, laboratory results, photographs, computer files or other recordings, for Mr. Newman's current and all prior periods of incarceration.

2. Arkansas State Hospital, requiring production of any and all records, reports, charts, notes, forms, graphs, test protocols and raw data, background and social history documents gathered from other institutions and individuals, photographs, written impressions, computer files or other recordings maintained regarding the hospitalizations, examinations and evaluations of Petitioner, including but not limited to evaluations conducted in 1977, 2002 and 2004.

3. Nancy Warren, court reporter, for the audiotape recording of all proceedings in Mr. Newman's trial, including but not limited to the portion containing the testimony of Mr. Newman.

B. An Order from the Court directing the Arkansas Department of Health and Human Services to provide Mr. Newman's counsel with a certified copy of Mr. Newman's original birth record.

C. Depositions of the following individuals:

1. Robert Marquette, trial counsel for Mr. Newman. Additionally, direction that Mr. Marquette will produce at that deposition all files and records maintained by him in connection with Mr. Newman.

2. Dr. Charles Mallory, Arkansas State Hospital, who conducted a psychological evaluation of Mr. Newman prior to his trial. (Doc. 29.)

There are times in which prehearing discovery is essential. The Advisory Committee Notes to Rule 6 approve the use of discovery in

2

appropriate cases before an evidentiary hearing has been granted. The record in this case should be expanded due to the lack of such information at the state court level. Discovery at this point will allow facts to be presented to the Court to assist in the question of whether an evidentiary hearing is warranted and on what claims the Court will review on their merits. Furthermore, discovery should be liberally granted in capital cases. *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in the judgment in part); *accord id.* at 855 (majority opinion). Petitioner has made a sufficient showing of good cause for discovery; specifically showing that if the facts are fully developed, he may be able to demonstrate that he has mental health issues and/or is actually innocent of the crime, thus, ultimately entitled to relief. *See Bracy v. Gramley*, 520 U.S. 899 (1997). Upon due consideration, Petitioner's motion is GRANTED.

It is ordered that the requested subpoenas duces tecum be issued, and subpoenas issued directing Robert Marquette and Dr. Charles Mallory to attend depositions, such depositions will cover any and all relevant subjects regarding Petitioner and his habeas petition and not be limited to Claim VIII. Robert Marquette's subpoena will direct him to produce at the deposition all files and records maintained by him in connection with Petitioner. Additionally, the Arkansas Department of Health and Human Services is ordered to provide Mr. Newman's counsel with a certified copy of Petitioner's original birth record.

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 22nd day of August 2006.

                                      /S/ Robert T. Dawson
                                      Robert T. Dawson
                                      United States District Judge

AO72A
(Rev. 8/82)