IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKEY DALE NEWMAN                                           PETITIONER

v.                        CASE NO. 05-2107

LARRY NORRIS, Director,
Arkansas Department of Correction                            RESPONDENT

### ORDER

Currently before the Court is Petitioner's Motion to Expand the Record (Doc. 32) and Respondent's Response (Doc. 34). Petitioner requests to have the record expanded to include the report containing results of previously ordered mitochondrial DNA testing conducted on hair evidence. Respondent objects to an expansion of the record because Petitioner's petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts allows a record to be expanded. Expansion of the record permits a district court to obtain additional information necessary for determination of whether an evidentiary hearing is necessary and to assist the court in ruling on the merits of a claim. *See* Rule 8, Rules Governing Section 2254 Cases (stating that documents submitted under Rule 7 must be reviewed by the judge when determining whether an evidentiary hearing is warranted); *see also McNair v. Haley*, 97 F.Supp.2d 1270, 1284-85 (M.D. Ala. 2000). In addition to the above cited reasons, expansion of the record in the case *sub judice* will assist the Court in determining the questions of whether

the statute of limitations should be equitably tolled (if it is determined that the statute of limitations has run) and whether Petitioner is actually innocent and any procedural default should be excused. *See Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002) ("We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled.").

After due consideration, Petitioner's motion is GRANTED. The record will be expanded to include the three-page August 3, 2006 letter from Mitotyping Technologies, Case 2635, discussing the results of mitochondrial DNA testing of two hairs (Doc. 32, Exhibit 1); the one-page August 8, 2006 letter from Mitotyping Technologies, Case 2635, which discusses why the laboratory did not test a particular hair/fiber (Doc 32, Exhibit 2); and a photograph of the slide presented to Mitotyping Technologies and its packaging (Doc. 32, Exhibit 3).

IT IS SO ORDERED this 22nd day of August 2006.

/S/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)