IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


RICKEY DALE NEWMAN                                          PETITIONER

v.                          CASE NO. 05-2107

LARRY NORRIS, Director,
Arkansas Department of Correction                          RESPONDENT


### ORDER

Before the Court is Petitioner's Renewed Motion for Evidentiary
Hearing (Doc. 79), Respondent's Response (Doc. 80); Petitioner's
Motion to Expand the Record (Doc. 84), Respondent's Response (Doc.
93); Petitioner's Renewed Motion for Leave to Conduct Discovery (Doc.
86), and Petitioner's Response (Doc. 92).

## I.   Motion to Expand the Record (Doc. 84)

In support of his actual innocence claim, Petitioner has
requested to expand the record by adding 56[1] exhibits.  Respondent
opposes any expansion as the evidence proffered by Petitioner is not
new evidence and thus cannot be used to support his actual innocence
claim.   Respondent contends the exhibit were available and/or
discoverable at the time of trial and therefore cannot be used to
support an actual innocence claim.

Rule 7 of the Rules Governing Section 2254 Cases in the United
States District Courts states that a record may be expanded with
additional materials that relate to the petition.   Additional

---

[1]This number reflects several exhibits that are counted twice to
include the proffered videotape and transcript of the videotaped statement.

materials "include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge.  Affidavits may also be submitted and considered as part of the record." Rule 7(b) of the Rules Governing Section 2254 Cases in the United States District Court (2005); *See e.g.*, *Schlup v. Delo*, 513 U.S. 298, 308-10 & n.18 (1995) (approvingly discussing petitioner's request to "supplement the record" – and thereby buttress his claims of innocence" in support of "manifest miscarriage of justice" exception to successive petition defense – by expanding record to include "affidavits from inmates [and others] who stated that they had witnessed the event and that [petitioner] had not been present"); *Herrera v. Collings*, 506 U.S. 390, 445 (1993) (Blackmun, J., dissenting on other grounds) ("It is common to rely on affidavits at the preliminary-consideration stage of a habeas proceeding."); *Dobbs v. Zant*, 506 U.S. 357, 358-59 (1993) (*per curiam*) (court of appeals erred in failing to supplement record to include previously missing transcript of closing argument at capital sentencing hearing); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (habeas corpus' characteristic "functions" include "introduction" through nonhearing procedures "of documentary evidence" (citing 28 U.S.C. § 2247)).

     Rule 7 makes easier the procedure where evidence can be submitted, but also relaxes the rules of evidence by allowing a court to admit almost all evidence that relates to the petitioner; was in

AO72A
(Rev. 8/82)

existence prior to the filing of the petition; or is tangible or real evidence that was not created in anticipation of litigation, or is comprised of or supported by a sworn statement; and is not already part of the record of prior proceedings in the case.  However, if the resolution of the issues turns on the credibility of the proffered evidence and the court questions the evidence's credibility, the court must conduct an evidentiary hearing where the rules of evidence are observed.  *See* Advisory Committee Notes to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts.

The proffered exhibits all pertain to the Petition.  Those exhibits that were in existence prior to the filing of the Petition, affidavits/declarations, and the death certificates will be permitted to become part of the record, to include what have been marked:

Exhibit 1, Arkansas State Crime Laboratory Evidence Submission Form evidencing the Van Buren Police Department's submission for analysis;

Exhibit 2, Arkansas State Crime Laboratory Report of Laboratory Analysis, dated October 1, 2001, indicating semen was recovered from items of evidence;

Exhibit 3, Arkansas State Crime Laboratory Evidence Submission Form verifying the submission of evidence (semen samples) by Edward Vollman for analysis;

Exhibit 4, Arkansas State Crime Laboratory Report of Laboratory Analysis, dated February 5, 2002, documenting that semen samples recovered from blankets excluded Petitioner as a potential contributor of semen samples;

Exhibit 5, Declaration of Patricia Zajac confirming that the source of the semen blankets excludes Petitioner;

Exhibit 6 and 6(a), Videotaped statement of Petitioner given to Van Buren Police Department on February 15, 2001, and

3

transcript;

Exhibit 7 and 7(a), Videotaped statement of Petitioner given to Van Buren Police Department on March 2, 2001, and transcript;

Exhibit 8 and 8(a), Videotaped statement of Petitioner given to Van Buren Police Department on May 9, 2002, and transcript;

Exhibit 10, Written Statement by Marc McCune, Chief Deputy Prosecuting Attorney, stating he will seek the death penalty in Petitioner's case;

Exhibit 11, Van Buren Police Department Incident Report, dated February 15, 2001, documenting Marc McCune's promise to seek the death penalty;

Exhibit 12, Receipt from Sallisaw Inn and Suites, dated February 6 and a receipt from Motel 6, dated February 5, 2001;

Exhibit 13 and 13(a), Videotaped statement of John Evans given to Van Buren Police Department on February 26, 2001, and transcript;

Exhibit 14 and 14(a), Videotaped statement of Robert Hamilton given to Van Buren Police Department on February 23, 2001, and transcript;

Exhibit 15, Printout from the Social Security Death Index document that a Robert D. Hamilton died on December 23, 2002;

Exhibit 16 and 16(a), Videotaped statement of Orieste Baker given to Van Buren Police Department on February 17, 2001, and transcript;

Exhibit 17 and 17(a), Videotaped statement of Orieste Baker given to Van Buren Police Department on February 15, 2001, and transcript;

Exhibit 18, Declaration of Orieste Baker, dated April 22, 2008;

Exhibit 19 and 19(a), Videotaped statement of Ronnie Kye given to Van Buren Police Department on February 19, 2001, and transcript;

Exhibit 20, Certificate of Death documenting the death of Ronald Kye on June 7, 2002;

Exhibit 21, Handwritten statement by Vern Hames on February 15,

4

2001;

Exhibit 22, Certificate of Death documenting the death of Vernon Hames on August 6, 2001;

Exhibit 23, Declaration of Bill Redden, a former employee and resident of the Gospel Rescue Mission in Van Buren, Arkansas;

Exhibit 24, Envelope addressed to Marie Cholette post-marked February 2, 2001, apparently containing two letters and two $50.00 checks;

Exhibit 25, Declaration of Billie Newman, Petitioner's adoptive mother, dated September 14, 2004;

Exhibit 26, Times Record Newspaper Article, *Mother Doesn't Grasp Confession*, dated March 25, 2002;

Exhibit 27, Excerpt of Shamrock Liquor Surveillance Video;

Exhibit 28, Arkansas State Police Agent Notes Prepared by Agent Hoffman on February 16, 2001;

Exhibit 29, Certificate of Death documenting the death of W.L. Ross on December 21, 2006;

Exhibit 30, Videotape of the crime scene;

Exhibit 31, Declaration of Larry Turner, the Assistant Director of the gospel Rescue Mission in Van Buren, Arkansas, dated April 29, 2008;

Exhibit 32 and 32(a), Videotape statement of Benny Billy given to the Van Buren Police Department on February 15, 2001, and the transcript;

Exhibit 33, Email communication from the Longview Police Department to the Van Buren Police Department on February 19, 2001, providing the names and photographs of individuals who used the nicknames of Psycho and Snake;

Exhibit 34, Death Certificate documenting the death of Larry Otis (alleged to be Copperhead), on or about August 4, 2005;

Exhibit 35 and 35(a), Videotaped statement of Robert Hamilton given to Van Buren Police Department on February 23, 2001, and transcript;

5

Exhibit 36, Letter written by Marie Cholette to her boyfriend, John Evans, regarding Copperhead's wallet being stolen and she being blamed by him for taking the wallet;

Exhibit 37, Salvation Army Shelter Agreement records signed by Marie Cholette on January 29, 2001;

Exhibit 38, Letter written by John Evans to Marie Cholette, dated February 4, 2001;

Exhibit 39, Letter from Van Buren Police Department Chief of Police to FBI, dated February 22, 2001;

Exhibit 40, Letter from Thomas Knowles, Unit Chief for FBI Violent Criminal Apprehension Program to U.S. Department of Veterans Affairs, dated January 15, 2002;

Exhibit 41, Fort Smith Times Record Newspaper article, *Crime Called Lust Murder*, dated September 19, 2004;

Exhibit 42, NCIC report of Petitioner's criminal record;

Exhibit 43, Declaration of Ginger Thomas, Petitioner's adoptive sister, dated July 28, 2007;

Exhibit 44, Declaration of Doreen Kines, Petitioner's sister-in-law, dated October 22, 2006;

Exhibit 45, Declaration of Zachary Newman, Petitioner's nephew, dated October 21, 2006;

Exhibit 46, Declaration of Eric Armstrong, Petitioner's former employer, dated September 14, 2004.

We find the evidence with which Petitioner requests to supplement the record should be included, with the exception of Exhibit 9, Report of Allison D. Redlich, Ph.D., who states Petitioner's confession statements are false. In the case *sub judice*, we do not find an expert opinion regarding false confessions should be submitted without an evidentiary hearing to permit Respondent to test the expert's opinion through cross-examination and/or to present its own expert to

6

counter the proffered opinion.  At this point in time, Petitioner has not demonstrated that an evidentiary hearing is necessary.  *See* Discussion regarding evidentiary hearing below.

Respondent's contention that the evidence set out does not constitute new evidence would be a valid argument in most habeas cases. The current case contains issues of competency that make the question of whether something is new evidence a difficult question. We question whether evidence is truly discoverable if the defendant forbids his attorney to present any form of defense, especially when there are questions regarding the defendant's competency both prior to and during the capital trial.  For those reasons, it is necessary to view evidence that not only meets the requirements of new evidence, but also evidence that could and/or should have been discovered if Petitioner had allowed his trial counsel to defend him.[2]  In addition to competency issues, the lack of evidence produced during the capital trial also raises serious concerns of whether constitutional safeguards were met.

We conclude that concerns regarding competency and the lack of evidence introduced at trial create a need for the record to be expanded to include the above listed exhibits, except Exhibit 9.

---

[2]After Petitioner was found competent (although that competency determination was based on miscalculations and other nonstandard practices of the doctor testing Petitioner's mental capacity, *see* Order 78.) he allowed his standby counsel to represent him with the understanding that he did not want to present any defense.  Direct Appeal Tr., Vol. 3, p. 364.  The trial court specifically inquired of Petitioner his desire to introduce any defense, if any existed, Petitioner responded that he did not.  *Id.*

7

Petitioner's Motion to Expand the Record (Doc. 84) is **GRANTED** in part and **DENIED** in part.   Additionally, we recognize the proffered declarations are not formally sworn to before a third party, but, we will allow them to be included in the record.   Respondent will be given fourteen (14) days from the date of this Order to address any credibility issues regarding the declarations.

## II.  Renewed Motion for Evidentiary Hearing (Doc. 79)

Petitioner requests an evidentiary hearing on claims contained in his habeas Petition (Doc. 13).   Respondent objects as Petitioner has failed to meet the requirements for an evidentiary hearing set out in 28 U.S.C. § 2254, which provided that a federal district court:.

> shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>     (A) the claim relies on –
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254 (e)(2).

Petitioner's claims do not rely on a new rule of constitutional law, nor at this point, has there been an adequate showing that an additional evidentiary hearing is necessary before the claims can be reviewed.   The expansion of the record puts before us evidence in support of Petitioner's actual innocence claim.   Expansion of the

8

record is an alternative fact-development procedure that obviates the need for an evidentiary hearing, at this time. Therefore, Petitioner's request for an evidentiary hearing on the merits of his claims is **DENIED.**

## III. Renewed Motion for Leave to Conduct Discovery (Doc. 86)

Petitioner requests leave to conduct additional discovery. Petitioner specifically requests a Court order for the production of records regarding Petitioner and/or the murder of Marie Cholette from the Federal Bureau of Investigation and the Van Buren Police Department. Additionally, Petitioner requests permission to take the depositions of Lt. Brent Grill, Van Buren Police Department; Sgt. Steve Weaver, Van Buren Police Department; and Agent Richard Hoffman, Arkansas State Police.

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 warrants discovery "when[ever] it would help the court make a reliable determination with respect to the petitioner's claim." *Herrera v. Collins*, 506 U.S. 390, 444 (1993) (Blackmun, J., dissenting on other grounds). Petitioner has successfully moved to expand the record to include numerous exhibits in support of his actual innocence claim and he has not shown that the items requested through discovery will shed additional light on his actual innocence claim and assist this Court

9

in making a reliable determination on his actual innocence claim. Upon due consideration, Petitioner's Renewed Motion for Leave to Conduct Discovery (Doc. 86) is **DENIED**.

**IV.  Conclusion**

After due consideration, Petitioner's Motion to Expand the Record (Doc. 84) is **GRANTED** in part and **DENIED** in part.  Petitioner's Renewed Motion for an Evidentiary Hearing (Doc. 79) is **DENIED**, and Petitioner's Renewed Motion for Leave to Conduct Discovery (Doc. 86) is **DENIED**.

IT IS SO ORDERED this 23rd day of July 2008.


 /S/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)