IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKEY DALE NEWMAN                                              PETITIONER

v.                         CASE NO. 05-2107

LARRY NORRIS, Director,
Arkansas Department of Correction                               RESPONDENT

### **ORDER**

Currently before the Court is Petitioner's Motion to Reconsider Order Staying Proceedings Pending Exhaustion of State Remedies. (Doc. 100.)  Respondent has not filed a response in opposition to Petitioner's motion.

Petitioner contends that Respondent conceded that Petitioner's claims are fully exhausted and that the requirement for exhaustion is waived. (Doc. 100, p. 2.)  In its Response to Petitioner's Petition, Respondent stated "Respondent further admits that petitioner has exhausted his available, non-futile state remedies." (Doc. 20, pp. 7-8.)  Petitioner contends that any future attempts to seek remedies in state court will be fruitless. (Doc. 100, p. 3.)  Petitioner cites to *Dickens v. Armontrout*, 944 F.2d 461, 462 (8th Cir. 1991), for the proposition that "[W]here a state enters such a waiver, it is reversible error for a federal court to decline to accept it." (Doc. 100, p. 3.)

In *Dickens*, the Eighth Circuit Court of Appeals held that where a petitioner fails to file for post conviction relief under the state's statute and the state has waived its exhaustion defense, "the

district court should have accepted the state's waiver of its exhaustion defense." 944 F.2d at 462-63, citing *Hampton v. Miller*, 927 F.2d 429 (8th Cir. 1991). In *Hampton*, the Court clarified that the district court should have accepted the state's waiver of its exhaustion defense "because state courts had 'refused to decide the question of the availability of [post conviction relief] [in similar cases]...this is not an issue of such exceptional importance to the State that a federal court should reject the State's clear waiver of the exhaustion requirement." *Id.* at 462, citing *Hampton v. Miller*, 927 F.2d 429, 431 (8th Cir. 1991) (second alteration appears in original) (additional citation omitted).

In the present case, we ordered the proceedings to be stayed pending exhaustion in State court. Petitioner is correct that he failed to file for post conviction relief in State court, and the State waived the exhaustion requirement. If those were the only considerations, Petitioner would be correct that this would be a situation where we could look to the State's past refusals to make available post conviction relief in similar cases and accept Respondent's waiver of the exhaustion requirement. However, this is a situation, where the "evidence" of incompetency prior to and during the State trial was not discovered until after the federal habeas petition was filed. Neither the Petitioner nor the State had knowledge that the State's psychologist failed to correctly administer and grade Petitioner's mental examinations. It was on the basis of

AO72A
(Rev. 8/82)

this newly discovered evidence, to which the State has not expressly waived the exhaustion requirement, that we ordered the present stay. As such, we can only conclude the State did not expressly waive the exhaustion requirement of the newly discovered evidence, as the State had no opportunity to review this evidence.

Alternatively, if it is determined that express waiver exists for the entire petition, to include the newly discovered evidence, we find that this particular issue is one of exceptional importance. "The nature of comity necessarily implies a power of waiver, since exhaustion 'is designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings' and 'is intended to give the State the *opportunity* for initial review.'" *Hampton v. Miller*, 927 F.2d 429, 431 (8th Cir. 1991) (emphasis in original) (citations omitted). The State should have the opportunity to review the newly discovered evidence, especially as it relates to the claim that Petitioner was not competent to stand trial. We find that the State has not had the opportunity to initially review Petitioner's claims in light of the newly discovered evidence regarding his competency prior to and during the trial. Furthermore, in respect to the present issue of alleged incompetence and evidence not discovered until more recently, it cannot be said that "this is not an issue of such exceptional importance to the State that a federal court should reject the State's clear waiver of the exhaustion requirement"; in fact, the opposite is

true.  *See Dickens*, 944 F.2d at 462.  Therefore, we reject the State's express waiver of the exhaustion requirement.  Upon due consideration, the motion (Doc. 100) is hereby **DENIED**.

    IT IS SO ORDERED THIS 16th day of March 2009.


                                          /S/ Robert T. Dawson
                                          Robert T. Dawson
                                          United States District Judge